UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ONAXIS FRANCHISING GROUP,
LLC, as successor-in-interest to JC
FRANCHISING GROUP, LLC,

     Plaintiff,

v.

EITAN HAROD, an individual, and
HAROD VENTURES, LLC, a
California Limited Liability Company

Civil Action No. 1:23-cv-04835-MHC

## DEFENDANTS' MOTION TO STAY ALL DEADLINES PENDING THE MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendants Eitan Harod and Harod Ventures, LLC (collectively, "Defendants") respectfully request that this Court stay all case deadlines – including the deadline to conduct a Rule 26(f) conference, file a joint preliminary report and discovery plan, and serve initial disclosures – until the Court has ruled on Defendants' pending Motions to Dismiss in this action.

## I.   PROCEDURAL HISTORY

On October 21, 2023, Plaintiff OnAxis Franchising Group, LLC ("OnAxis" or "Plaintiff") filed its Complaint [DE1] alleging eleven separate counts for breach of contract (4 counts) (the "Breach Claims"), preliminary injunction (1 count), attorneys' fees (1 count), and state and federal claims for infringement of OnAxis'

1

registered and unregistered marks and unfair competition (5 counts) (the "Mark Claims"). Plaintiff contemporaneously filed a Motion for Temporary Restraining Order and Preliminary Injunction [DE3] (the "PI Motion").

On November 9, 2023, Defendants filed their Response to the PI Motion [DE15], a Limited Motion to Dismiss for Failure to State A Claim [DE14] specifically for the Mark Claims and a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) [DE13] (DE13 and DE14 collectively, the "Motions to Dismiss") contesting venue and jurisdiction in this Court. Both parties subsequently filed the appropriate responses and replies in support of their respective motions.

On December 21, 2023, this Court held a hearing on the PI Motion. In a telephone conference with both parties' counsel prior to the hearing, the Court made it clear that the Court only intended to hear argument on the PI Motion, and that it would likely rule on the Motions to Dismiss exclusively on the written motions and responses.

On December 28, 2023, this Court entered an Order [DE30] (the "Injunction") granting in part and denying in part the relief requested by Plaintiff in the PI Motion. Specifically, the Court granted injunctive relief on Plaintiff's Breach Claims, but denied Plaintiff injunctive relief on the Mark Claims, finding

2

that "OnAxis is not substantially likely to succeed on its trademark infringement claims". Injunction [DE30] at p.46.

As of the date of this Motion, the Court has not ruled on the Motions to Dismiss.

## II.  ARGUMENT AND CITATION TO AUTHORITY

The Court has broad discretion to stay proceedings before it incidental to the Court's power to control its own docket "for the parties' and witnesses' convenience and in the interest of justice." Fed. R. Civ. P. 26(d)(3); *accord Clinton v. Jones,* 520 U.S. 681, 706 (1997). In the interest of efficiency and judicial economy, Defendants respectfully request that the Court stay all pending deadlines until after the Court has ruled on the pending Motions to Dismiss.

The applicable rules already preclude discovery from commencing until after the Court rules on the Motion to Dismiss: the discovery period does not commence until 30 days after Defendants' answers, *see* L.R. 26.2(A). But the Court's local rules impose several near-term discovery-related deadlines that are not automatically stayed pending the Motion to Dismiss: participation in a Rule 26(f) (early planning) conference, *see* L.R. 16.1; *see also* Fed. R. Civ. P. 26(f); preparation of a joint preliminary report and discovery plan, *see* L.R. 16.2; *see also* Fed. R. Civ. P. 26(f); and serving initial disclosures, *see* L.R. 26.1(A), (B)(4); *see also* Fed. R. Civ. P. 26(a)(1).

Yet, it would be premature and inefficient for the parties to conduct these matters and for the Court to review these filings as Defendants have "filed a motion to dismiss that may dispose of the entire case, which would obviate the need" for pretrial matters. *Jumlist v. Prime Ins. Co.,* 2021 WL 6751892, at *2 (N.D. Ga. June 24, 2021) (Jones, J.).  If the Court grants either of Defendants' Motions to Dismiss, the case could end without the need for any further pretrial matters.[1]  If the Court even partially grants Defendants' Limited Motion to Dismiss (relating to the Mark Claims) – which account for half of the claims in the Complaint – the scope of discovery and other matters relevant to any preliminary planning could change drastically.  If the Court denies part or all of Defendants' Motions to Dismiss, the parties can then meet all discovery-related deadlines, and nothing is lost and no party is prejudiced.

Requiring the parties to conduct a Rule 26(f) conference when the parties do not know which claims may remain after the Court has ruled on the Motions to Dismiss is "not efficient and would probably require that the conference be duplicated, if still necessary," after the Court's ruling.  *Palacious v. Lienhard,* No. 1:15-CV-01683-TCB-JFK, 2015 U.S. Dist. LEXIS 180758, at *7-8 (N.D. Ga. Aug.

---

[1] If the Court grants Defendants' Motion to Dismiss based on improper venue or lack of personal jurisdiction [DE13], proceedings would necessarily end in this venue. If the Court grants Defendants' Limited Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted [DE14], the dismissal of Plaintiff's Lanham Act Claims would eliminate any federal question subject matter jurisdiction.  *See* 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

21, 2015).  The same principle holds true for drafting the joint preliminary report and discovery plan and the initial disclosures.  Staying all of these deadlines until the Court has determined which issues require discovery would preserve judicial resources and prevent the parties from incurring unnecessary costs.

Counsel for Defendants conferred via e-mail with counsel for OnAxis regarding all of these points, but Plaintiff's counsel refused to join in this motion. Because discovery is already stayed pursuant to L.R. 26.2(A), and it is not clear at this point what claims, if any, will survive the motion to dismiss, it is premature for the parties to serve initial disclosures.  *See Odion v. Google Inc.,* No. 1:13-cv-03906-SCJ, 2014 U.S. Dist. LEXIS 206822, at *8 (N.D. Ga. Apr. 17, 2014) (Jones, J.).

## III. CONCLUSION

This Court has been clear that where (as here) discovery "has yet to begin, it is appropriate to toll … deadlines for conducting a Rule 26(f) planning conference, filing a joint preliminary report and discovery plan, and completing initial disclosures until a ruling is made on their respective motions to dismiss." *Odion,* 2014 U.S. Dist. LEXIS 206822, at *2.  For the foregoing reasons, Defendants respectfully request that this Court adopt the same posture here and grant this Motion to Stay All Deadlines pending a ruling on Defendants' Motions to Dismiss.

Respectfully submitted this 11th day of January, 2024.

1218 Menlo Dr. NW, Suite E
Atlanta, Georgia 30318

Phone:     (404) 352-3990
Fax:       (404) 352-3995
E-mail:    kelly@wellbornlaw.com
           sam@wellbornlaw.com

**WELLBORN, WALLACE & MULLMAN, LLC**

/s/  Kelly O. Wallace
Kelly O. Wallace
Georgia Bar No. 734166
Samuel A. Mullman
Georgia Bar No. 456630

*Attorneys for Eitan Harod and Harod Ventures, LLC*

1801 Century Park East
Los Angeles, California 90067

Phone:     (310) 878-2630
E-mail:
    michael@ghilezanlaw.com

**THE GHILEZAN LAW FIRM**

/s/ Michael Ghilezan
Michael Ghilezan *(pro hac vice)*

*Attorney for Eitan Harod and Harod Ventures, LLC*

6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ONAXIS FRANCHISING GROUP,
LLC, as successor-in-interest to JC
FRANCHISING GROUP, LLC,

     Plaintiff,

v.

EITAN HAROD, an individual, and
HAROD VENTURES, LLC, a
California Limited Liability Company

Civil Action No. 1:23-cv-04835-MHC

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2024, I electronically filed the foregoing

Reply with the Clerk using the CM/ECF system which will automatically send e-

mail notification or other sufficient notice of such filing to the following attorneys

of record:

| Attorneys | E-mail Address |
|---|---|
| Anne Peirce Caiola | annie@caiolarose.com |
| Lindsay Mitchell Henner | lhenner@caiolarose.com |

1218 Menlo Dr. NW, Suite E
Atlanta, Georgia 30318

| | |
|---|---|
| Phone: | (404) 352-3990 |
| Fax: | (404) 352-3995 |
| E-mail: | kelly@wellbornlaw.com |
| | sam@wellbornlaw.com |

**WELLBORN, WALLACE &
MULLMAN, LLC**

/s/  Kelly O. Wallace
Kelly O. Wallace
Georgia Bar No. 734166
Samuel A. Mullman
Georgia Bar No. 456630

*Attorneys for Eitan Harod and Harod
Ventures, LLC*

8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ONAXIS FRANCHISING GROUP, LLC, as successor-in-interest to JC FRANCHISING GROUP, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>EITAN HAROD, an individual, and HAROD VENTURES, LLC, a California Limited Liability Company | Civil Action No. 1:23-cv-04835-MHC |

## RULE 7.1 CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

This is to certify that the foregoing Motion was prepared using 14-point Times New Roman font and accordingly complies with Local Rule 5.1. This certificate is given in compliance with Local Rule 7.1(D).

This 11th day of January 2024.

9

1218 Menlo Dr. NW, Suite E
Atlanta, Georgia 30318

Phone:     (404) 352-3990
Fax:        (404) 352-3995
E-mail:    kelly@wellbornlaw.com
            sam@wellbornlaw.com

**WELLBORN, WALLACE &
MULLMAN, LLC**

/s/  Kelly O. Wallace
Kelly O. Wallace
Georgia Bar No. 734166
Samuel A. Mullman
Georgia Bar No. 456630

*Attorneys for Eitan Harod and Harod
Ventures, LLC*