**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ONAXIS FRANCHISING GROUP, LLC, as successor-in-interest to JC FRANCHISING GROUP, LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE |
| v. | ) ) | NO. 1:23-cv-04835-MHC |
| EITAN HAROD, an individual, and HAROD VENTURES, LLC, a California limited liability company, | ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO STAY**

Plaintiff OnAxis Franchising Group, LLC ("OnAxis") hereby responds in opposition to Defendants' Motion to Stay All Deadlines Pending the Motion to Dismiss (the "Motion to Stay") [Dkt. 34].

### I.   INTRODUCTION

Rarely is improper gamesmanship so evident as it is here, revealed by what Defendants omit from their deliberately nondescript Motion to Stay. Namely, Defendants have failed to disclose to the Court that while urging this Court to stay this case, they are simultaneously asking the California Court to decide their second-

filed declaratory judgment action (the "California Action[1]") "**on an expedited basis**"[2] and seeking a "speedy hearing" under Rule 57, purporting that this Court's Preliminary Injunction [Dkt. 30] has created an "emergency" by "unfairly depriv[ing] [Harod] of his right to pursue his business or occupation of choice…."[3]

Defendants are effectively asking the California Court to urgently act as a super-appellate court and overturn what Defendants call "Judge Cohen's … erroneous venue analysis" because in its "50-page Order, the Georgia District Court…conflated personal jurisdiction and venue." Harod's CA Brief at p. 16. Even more concerning is that Defendants are leveraging the fact that this Court has not yet ruled on Defendants' two motions to dismiss as a basis to secure an order from the California Court that directly undermines this Court's Preliminary Injunction. Specifically, and just last week, Defendants argued to the California Court: "To the extent that Judge Cohen does not rule on Harod's Georgia Motion to Dismiss on or

---

[1] Eitan Harod and Harod Ventures, LLC v. OnAxis Franchising Group, LLC, Case No. 2:23-cv-08878-SPG-AGR (C.D. Ca.).

[2] See California Action Dkt. 24, Opposition to OnAxis's Motion to Dismiss the California Action ("Harod's CA Brief"), attached hereto as **Exhibit A**, at p. 2.

[3] See January 8, 2024, email from Michael Ghilezan to Annie Caiola (attached hereto as **Exhibit B**), explaining that Harod "plan[s] to on filing a Rule 57 Motion for an expedited trial date" in the California Action on the basis that there is an "emergency" because "a California resident is being unfairly deprived of his right to pursue his business or occupation of choice…."

before February 7 (the hearing date on [OnAxis's Motion to Dismiss under the first-filed rule]), that would automatically moot [OnAxis's] Motion, as its Motion is based on the assumption that the Northern District of Georgia will address the venue challenge first." Harod's CA Brief at p. 16, footnote 6.

While cloaking their Motion to Stay as a simple request "in the interest of efficiency and judicial economy" (Def.'s Br. [Dkt. 34] at p. 3), in reality, Defendants are trying to pause this case so that they can propel their improper second-filed California Action into the procedural "lead" as a strategic advantage – despite federal comity principles which countenance against a court in a second-filed action disrupting the rulings of a sister court. See, e.g., Basalite Concrete Prod., LLC v. Keystone Retaining Wall Sys., Case No. CIV. 2:10-2814 WBS, 2011 WL 999198 (E.D. Cal. Marc. 18, 2011) (Even "California's public policy does not compel a California court to ignore the first-to-file rule, a doctrine of federal comity designed to promote sound judicial administration.")

In fact, as a part of their argument to the California Court that it should act on an "expedited" basis and declare the non-compete unenforceable (in direct contradiction to this Court's Preliminary Injunction), Defendants try to downplay the import of the Preliminary Injunction, arguing that the "Georgia Action remains at its inception" (Harod's CA Brief at p. 16) – a procedural status Defendants are

trying hard to maintain with their Motion to Stay while frantically urging the California Court for an "expedited" trial and trying to convince the California Court that it "has the power to revisit an issue decided by another district court." (Id.) The gamesmanship is glaring and should not be tolerated.

Notwithstanding Defendants' strategic aims, Defendants' Motion to Stay should still be denied. The early case obligations are modest ones, and expressly drafted in the relevant rules to require compliance regardless of whether a defendant has appeared by answer or by motion. None of the motions still pending before the Court will result in complete dismissal of this case, and all issues for discovery are subsumed within OnAxis's breach of contract claims such that there will be no unnecessary work performed. There is no basis to stay.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(f)(1), the parties are to confer "as soon as practicable." Fed. R. Civ. P. 26(f)(1). Under the Local Rules of this Court, the parties are to engage in an early planning conference within 16 days of the appearance of a defendant "by answer **or motion**." LR 16.1, NDGa (emphasis added). For all cases not settled during the early planning conference, the parties are required to complete a Joint Preliminary Report and Discovery Plan within 30 days of the appearance of the first defendant "by answer **or motion**." LR 16.2, NDGa

(emphasis added). Initial disclosures are likewise due within 30 days of the appearance of a defendant "by answer **or motion**." LR 26.1, NDGa (emphasis added). The Federal Rules of Civil Procedure similarly require that the Court enter a scheduling order "as soon as practicable," and absent good cause, the Court "must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2).

### III.   ARGUMENT

Aside from gamesmanship in pursuit of directly conflicting federal court opinions, Defendants' Motion to Stay is premised on the notion that Defendants' pending motions to dismiss [Dkt. 13 and 14] will either eliminate this case entirely or substantially limit its scope. This argument fails for several reasons, as follows.

First, none of the relevant rules (see supra Section II) contemplate suspending early case deadlines simply because there are pending motions. Indeed, each of these rules expressly states that the deadlines are the deadlines regardless of whether a defendant has appeared by answer or by motion. Were it simply a matter of course to stay such deadlines until it is clear that an Answer will be required (*i.e.*, following denial of a motion to dismiss), then the rules would not have been drafted to require compliance even where a motion has been filed. Indeed, there is little practical

reason to delay compliance with the deadlines at issue here, as this Court has recognized:

> [E]ngaging in an early planning conference under Fed. R. Civ. P. 26(f), drafting a Joint Preliminary Report and Discovery Plan, and submitting initial disclosures, pose a relatively modest burden on the parties as opposed to engaging in the discovery process and, importantly, will position the case to begin discovery quickly should the Court deny Defendant's motion for judgment on the pleadings.

Talbot v. Coast Dental of Georgia, P.C., No. 1:20-CV-04985-MHC-AJB, 2021 WL 2638990, at *3–4 (N.D. Ga. Apr. 22, 2021). As in Talbot, fulfilling the early planning conference and Joint Preliminary Report and Discovery Plan requirements in this case is a modest burden that will position the case to efficiently proceed.

Second, even if these modest early case requirements created a more substantial burden, that burden would not be avoided by a stay here. Neither motion to dismiss will dispose of this case or substantially narrow the issues. With respect to Defendants' Motion to Dismiss for lack of personal jurisdiction and venue, the Court previously (and correctly) noted that, "Defendants' opposition to OnAxis's Motion for Preliminary Injunction is based principally upon its contention in its response and corresponding Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue." (Order [Dtk. 30] pp. 16.) More importantly, the Court ultimately found "Defendants' jurisdiction and venue objections to be without merit." (Id. at p. 17) As a result, while the Court has not separately ruled on Defendants' pending

Motion to Dismiss for lack of personal jurisdiction and venue, the Court already has rejected Defendants' arguments against jurisdiction and venue in this Court. It is therefore disingenuous for Defendants to argue that the case should be stayed while the Court considers their jurisdiction and venue argument, when the Court has already considered that argument and found it to be "without merit." See id.

With respect to Defendants' Motion to Dismiss the trademark-related claims, Defendants should not assume that those claims will be dismissed simply because a preliminary injunction was not granted on the trademark claims.[4] But even if the

---

[4] Defendants are more confident in their trademark-based Motion to Dismiss given the Court's denial of the trademark portion of OnAxis's preliminary injunction motion. However, in denying that portion of OnAxis's preliminary injunction motion, the Court focused on Defendants' ongoing harmful conduct in the preliminary injunction context. At a minimum, OnAxis pleaded a plausible trademark infringement claim for Defendant's conduct between the date the Franchise Agreements expired and the date of the preliminary injunction hearing. For example, OnAxis pleaded that Defendants failed to take down the NextDoor page where Defendants, not customers in reviews, were continuing to affirmatively identify as "Green Home Solutions." [Dkt. 1, ¶ 86 (showing image of the same)]. Defendants conceded their control over that NextDoor page [Dkt. 18, p. 17 n.4] and then stipulated to the Consent Order enjoining further use of it [Dkt. 33, p. 3]. This conduct fits squarely within the trademark infringement law applicable to holdover licensees. [See, e.g., Dkt. 19, p. 7 n.2 (citing cases)]. In fact, the day before the filing of this brief, the United States District Court for the Middle District of Florida denied a former franchisee's motion to dismiss the franchisor's claims for trademark infringement where the franchisee continued to display the franchisor's trademarks "on third-party websites" including "Nextdoor" following termination of the franchise agreement. See CHHJ Franchising LLC v. Spaulding, Case No. 8:23-cv-01979-WFJ-AAS (M.D. Fla. January 22, 2024), attached hereto as **Exhibit C**.

Motion to Dismiss the trademark claims were granted, that would not dispose of the entire case because the Court would maintain subject matter jurisdiction over OnAxis's contract claims based on diversity jurisdiction, which is not disputed. [See Dkt. 1, ¶¶ 6-7] Moreover, even if OnAxis's trademark claims were dismissed, the same conduct alleged to be violations of trademark law are also breaches of Defendants' post-expiration contractual obligations. [See id., ¶¶ 41-42] As a result, the same conduct will be subject to discovery as part of OnAxis's breach of contract claims. In short, there is simply no merit to Defendants' arguments that discovery should be stayed because the outcome of their pending Motions to Dismiss will have a significant impact on the scope of discovery.

Finally, the deadlines that Defendants request to stay have already passed, and it is unclear whether a "stay" would reach expired deadlines.[5] But even assuming expired deadlines could be revived on a motion to stay, there is no good cause for a stay here and, to the contrary, a stay would prejudice OnAxis. Again, the burden associated with these early case deadlines is low, and Defendants' aim to prejudice OnAxis with dual-front litigation relies on grinding this case to a halt while forcing

---

[5] OnAxis filed its Complaint on October 21, 2023, or ninety-four (94) days ago. The deadline to enter a scheduling order pursuant to Fed. R. Civ. P. 16(b)(2) has therefore also passed.

the California Action to trial at lightning speed. This Court should decline to serve

Defendants' express purpose of delay in Georgia while using the California Court

as a super-appellate court for its complaints about the preliminary injunction ruling.

## IV.   CONCLUSION

For all of the foregoing reasons, OnAxis respectfully requests that the Court

deny Defendants' Motion to Stay and compel Defendants to immediately participate

in the early planning conference and Joint Preliminary Report and Discovery Plan.

Respectfully submitted this 23rd day of January 2024.

/s/ *Anne P. Caiola*

CAIOLA & ROSE, LLC                     Anne P. Caiola
125 Clairemont Avenue, Suite 240       Georgia Bar No. 142639
Decatur, Georgia 30030                 annie@caiolarose.com
(470) 300-1020 phone                   Lindsay Mitchell Henner
                                       Georgia Bar No. 272310
                                       lhenner@caiolarose.com

*Attorneys for Plaintiffs*

## CERTIFICATION OF COMPLIANCE

I hereby certify that the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO STAY** has been prepared with one of the font and point selections approved by the Court in LR 5.1.

/s/ *Anne P. Caiola*
Anne P. Caiola

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2024, I electronically filed the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO STAY** with the clerk using the CM/ECF system which will automatically send e-mail notification or other sufficient notice of such filing to Defendants' counsel, R. Michael Ghilezan at michael@ghilezanlaw.com and Kelly O. Wallace at kelly@wellbornlaw.com.

/s/ *Anne P. Caiola*
Anne P. Caiola

-10-