UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ONAXIS FRANCHISING GROUP,
LLC, as successor-in-interest to JC
FRANCHISING GROUP, LLC,

     Plaintiff,

v.

EITAN HAROD, an individual, and
HAROD VENTURES, LLC, a
California Limited Liability Company

Civil Action No. 1:23-cv-04835-MHC

## DEFENDANTS' REPLY IN SUPPORT OF
## MOTION TO STAY ALL DEADLINES

Defendants Eitan Harod and Harod Ventures, LLC (collectively,

"Defendants") file this Reply in Support of their Motion to Stay All Deadlines

Pending the Motions to Dismiss [DE 34] (the "Motion to Stay") and responds to

Plaintiff OnAxis Franchising Group, LLC's Response [DE 38] (the "Response") as

follows:

## INTRODUCTION

Plaintiff's opposition to Defendants' request to stay deadlines pending this

Court's ruling on the pending Motions to Dismiss [DE 13 and DE 14] (the

"Motions to Dismiss") presents an *ad hominem* attack on Defendants' counsel's

reasonable request that the Court briefly excuse all parties from their pre-discovery

conference and report obligations pending the resolution of the Motions to Dismiss.  Plaintiff's lack of any principled legal or factual position to oppose the requested stay is highlighted by numerous broad and misleading statements regarding the nature of its own claims, the current status of <u>this</u> litigation, and its own failings to comply with the very rules that Defendants have requested the stay.

Further, much of Plaintiff's argument focuses on its accusation that Defendants' counsel is engaged in "gamesmanship" in trying to manipulate the schedule of this case relative to another pending case between the same parties in the Central District of California[1] (the "California Action").  In short, this case is not the California Case, and Plaintiff's counsel understands <u>this</u> case cannot and will not move to the next stage of litigation (i.e., discovery) for more than 30 days after this Court rules on the pending Motions to Dismiss, regardless of whether or not this Court grants the instant Motion to Stay.  Local Rule 26.2.

## I.   THIS COURT HAS THE PLENARY AUTHORITY TO CONTROL THE SCHEDULE OF THE CASES BEFORE IT.

A district court has complete discretionary authority to control and manage its own docket, including pre-trial activities, including discovery and scheduling. *Kelsey v. Withers,* 718 F. App'x 817, 819 (11th Cir. 2017); *Johnson v. Bd. of Regents,* 263 F.3d 1234, 1269 (11th Cir. 2001); *Chudasama v. Mazda Motor*

---

[1] *Eitan Harod and Harod Ventures, LLC v. OnAxis Franchising Group, LLC,* Case No. 2:23-cv-08878-SPG-AGR (C.D. CA).

*Corp.,* 123 F.3d 1353, 1366 (11th Cir.1997).  Every deadline and time period which would be stayed by Defendants' motion is expressly capable of being enlarged or reduced at the discretion of the court.  See, e.g., Fed. R. Civ. P. 26(a)(1)(A) ("Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or <u>ordered by the court</u> …") (emphasis added); Fed. R. Civ P. 26(a)(1)(C) ("A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference <u>unless a different time is set by stipulation or court order</u>…") (emphasis added); Red. R. Civ. P. 26(a)(1)(D) ("A party that is first served or otherwise joined after the Rule 26(f) conference must make the initial disclosures within 30 days after being served or joined, <u>unless a different time is set by stipulation or court order.</u>") (emphasis added).  Plaintiff's opining that that this Court's granting the requested stay "would reach expired deadlines," (Response at p.8) is utterly without merit or basis in the well-established law and rules governing civil litigation in this Court.

The only legal argument that Plaintiff's asserts in opposition to Defendants' Motion to Stay is an insistence that the Federal and Local Rules are absolute and that the Parties are required to strictly comply with them.  However, the actual text of the relevant rules, and the basic understanding that a judge has the plenary authority to manage his or her docket and scheduling is patently evident.

## II.  PLAINTIFF ADMITS THAT IT HAS NOT COMPLIED WITH THE RULES FOR WHICH DEFENDANTS HAVE REQUESTED THE STAY.

Plaintiff's counsel has admitted in its opposition to the Motion to Stay that Plaintiff has already ignored at least some of the deadlines imposed by the Federal and Local Rules.[2]  Indeed, Plaintiff has already ignored <u>all</u> of the pre-discovery deadlines imposed by the Federal and Local Rules.

Local Rule 16.1 requires "[l]ead counsel for all parties to confer in person... within 16 days after the appearance of a defendant by answer or motion" regarding settlement, discovery, limit issues, and other matters that should be addressed in the Joint Preliminary Report and Discovery Plan (the "JPR").  Defendants filed the Motions to Dismiss on November 9, 2023.  Accordingly, that conference should have been conducted on or before November 29, 2023.  Plaintiff neither requested nor conducted that conference prior to January 8, 2024.

Local Rule 16.2 requires that the completed Joint Preliminary Report "must be filed within thirty days after the appearance of the first defendant by answer or motion."  This report should have been prepared and filed on or before December 11, 2023.  Again, Plaintiff took no steps towards this requirement prior to January 8, 2024.

---

[2] "Initial disclosures are likewise due within 30 days of the appearance of a defendant 'by answer **or motion**.' LR. 26.1." Response at p.5 (emphasis in original).

### III. PLAINTIFF MISREPRESENTS THE POTENTIAL EFFECTS OF THIS COURT'S RULING ON EITHER OF THE MOTIONS TO DISMISS.

There are two Motions to Dismiss pending before this Court. The first motion, filed pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3), challenges this Court's venue and personal jurisdiction over the defendants. See Motion to Dismiss or Transfer [DE 13] (the "Jurisdiction Motion"). The second motion, filed pursuant to Fed. R. Civ. P. 12(b)(6), seeks the dismissal of Plaintiff's trademark and unfair competition claims[3]. See Limited Motion to Dismiss for Failure to State a Claim [DE 14] (the "Mark Motion").

### A.    This Court has not ruled on either of the Motions to Dismiss.

As of the date of this Reply, the Court has not ruled on either of the Motions to Dismiss. Both motions are still on the docket of this case and are still pending.

### B.    This Court's findings in the Order of Preliminary Injunction are not rulings on the Motions to Dismiss.

Plaintiff attempts to simultaneously argue that this Court's findings in its December 28, 2023 Order of Preliminary Injunction [DE 30] (the "Preliminary Injunction") are simultaneously the equivalent of a ruling on the Jurisdiction Motion ("…the Court has already considered that argument [on jurisdiction] and found it to be 'without merit'") yet not indicative at all regarding how the Court

---

[3] As is set forth in the original Motion to Stay, Plaintiff has asserted eleven counts in its Complaint [DE1]: one count for preliminary injunction, one count for attorney's fees, four counts for breach of contract, and five counts for state and federal trademark infringement and unfair competition.

might rule on some or all of the claims at issue in the Mark Motion. See Response at p.7 and n.4.

While it is tempting to assert that Plaintiff is arguing contrary positions on the same issue, the simple fact remains: this Court has not ruled on either of the Motions to Dismiss. Further, in conducting the hearing that resulted in the Preliminary Injunction, this Court made it abundantly clear to the parties that the hearing and the resulting order were exclusively limited to the relief requested in Plaintiff's motion for a preliminary injunction.

   C. **This Court's rulings on the Motions to Dismiss could significantly alter the basis of the litigation.**

Plaintiff also makes argues against the proposed stay by claiming that "[n]either [Motion to Dismiss] will dispose of this case or substantially narrow the issues." This is completely unsupported by even a cursory review of the law or facts.

   1. **If this Court grants the Jurisdiction Motion [DE 13] this case would no longer be active in this Court.**

If this Court decides in Defendants' favor on the Jurisdiction Motion and either dismisses the case, in its entirety, due to a lack of personal jurisdiction over the Defendants or, in the alternative, transfers the case to a more appropriate venue, litigation before this Court will end.

Again, Defendants' requested relief in the Motion to Stay is that the pre-discovery deadlines imposed by the Federal and Local Rules be stayed until such time as fundamental questions regarding the future litigation of this case in this forum are determined by the Court. Plaintiff's naked assertion that the Court has already made this determination, without actually entering a ruling on the Jurisdiction Motion, is without any basis in fact or law.

2. **<u>The Motion to Dismiss for Failure to State a Claim [DE 14] could remove or alter more than half of Plaintiff's claims.</u>**

More than half of Plaintiff's substantive claims (5 of 9) are claims for trademark infringement, unfair competition, or deceptive trade practices. If the Court determines that the claims, as pleaded, do not state a claim upon which relief can be granted, it can dismiss those claims directly or permit Plaintiff to amend its complaint in an attempt to re-plead some or all of the insufficient claims.

Plaintiff's claim that this Court's granting Defendants' requested relief on the Mark Motion would not "substantially narrow the issues" for discovery is unbelievable on its face. Until the Court rules on the Mark Motion, the continued existence of some or all of those claims – or the specific facts that Plaintiff may have to re-plead to assert them -- is uncertain.

Plaintiff further asserts that "all issues for discovery" for its contract-related claims and its mark-related claims are "subsumed within [Plaintiff's] breach of

contract claims." Again, there is no factual or legal basis for this assertion, and it is facially absurd.

The elements of a breach of contract claim – even a breach of a license relating to Plaintiff's trademarks – are not the same as the elements of a trademark infringement, unfair competition, or Georgia Unfair and Deceptive Trade Practices Act claim. Even the most basic legal analysis would immediately distinguish a breach of contract (even a breach of a trademark license) as a claim in the nature of a contract, from an infringement claim which is in the nature of a tort.

Each of these claims are fundamentally different, they have different elements, and they have different affirmative and non-affirmative defenses. Plaintiff's opposition to the Motion to Stay attempts to hand-waive these distinctions away by claiming that there is no difference in the scope, scale, or nature of the discovery that the parties would want or need to take relative to these claims. This is absurd.

### 3. The dismissal of Plaintiff's federal mark-related claims could destroy this Court's subject matter jurisdiction.

Plaintiff makes the assertion that, even all of the federal mark-related claims are dismissed "this Court would maintain subject matter jurisdiction over OnAxis' contract claims based on diversity jurisdiction, which is not disputed" (Response at p. 8) (emphasis added), citing to the subject matter jurisdiction allegations in its own Complaint. This is far from correct.

8

Defendants have not challenged this Court's subject matter jurisdiction as, so long as there are pending federal claims, this Court absolutely has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

However, if the federal mark claims are dismissed, Defendants have not conceded and reserve the right to challenge this Court's subject matter jurisdiction based exclusively on Plaintiff's diversity allegations as presently pleaded in the Complaint.  A motion to dismiss for lack of subject matter jurisdiction is <u>not</u> waived by failing to make the motion in an initial responsive pleading (Fed. R. Civ. P. 12(h)(1)) and this Court must dismiss an action at any time it determines that it lacks subject-matter jurisdiction (Fed. R. 12(h)(3)).

## IV. PLAINTIFF HAS NOT ARTICULATED ANY ACTUAL PREJUDICE IT WOULD SUFFER AS A RESULT OF THE REQUESTED STAY.

The only "prejudice" that Plaintiff has articulated it would suffer from the Court's grant of the requested stay is that OnAxis would be burdened with having to participate in "dual-front litigation."  This is not a form of prejudice that should be recognized by this Court.

To the extent that the requested stay would take place while action in the California case is proceeding would, in fact, <u>relieve</u> OnAxis of having to take any action in this matter until the Court rules on the Motions to Dismiss.

Further, there is absolutely no time savings or advantage (and accordingly no prejudice) to either party moving ahead with the premature conferences and

reports prior to this Court's ruling on the Motions to Dismiss and the filing Defendants' actual Answer (including any affirmative defenses of counterclaims) which will not be due until 14 days after resolution of the Motions to Dismiss. Fed. R. Civ. P. 12(a)(4)(A). Even if this Court denies the Motions to Dismiss in their entirety, the idea of conferring regarding discovery scope, limits, and practices would be a waste of time prior to the filing of the Answer. Again, the requested stay seeks to defer the pre-discovery planning, conferences, and discovery plan to a time when the issues in the case have been more-conclusively determined.

Finally, there is no prejudice to Plaintiff that this case needs to rush towards discovery due to any ongoing harm or injury it is suffering. This Court has granted Plaintiff's motion for preliminary injunction and the parties have voluntarily entered into a consent order regarding Defendants' conduct regarding Plaintiff's marks. There has been no indication or assertion that either Defendant is violating any provision of the Preliminary Injunction or the consent order.

## **CONCLUSION**

Until this Court rules on the Motions to Dismiss, it is uncertain whether this case is bound for discovery and, if so, what the claims, defenses, or issues for that discovery will be. Accordingly, it would be both wasteful and premature for the

parties to undertake the pre-discovery conferences, reporting, and planning until those issues are more-conclusively determined.

It is absolutely within this Court's authority to set or stay these deadlines as it sees fit to manage the litigation before it, and there is no prejudice to Plaintiff by ordering a brief stay of deadlines until such time as the issues are clarified.

Respectfully submitted this 6th day of February 2024.

|  |  |
|---|---|
| 1218 Menlo Dr. NW, Suite E<br>Atlanta, Georgia 30318 | **WELLBORN, WALLACE &<br>MULLMAN, LLC** |
| | /s/  Kelly O. Wallace |
| Phone:     (404) 352-3990<br>Fax:         (404) 352-3995<br>E-mail:     kelly@wellbornlaw.com<br>              sam@wellbornlaw.com | Kelly O. Wallace<br>Georgia Bar No. 734166<br>Samuel A. Mullman<br>Georgia Bar No. 456630 |
| | *Attorneys for Eitan Harod and Harod<br>Ventures, LLC* |
| 1801 Century Park East<br>Los Angeles, California 90067 | **THE GHILEZAN LAW FIRM** |
| | /s/ Michael Ghilezan |
| Phone:     (310) 878-2630<br>E-mail:<br>     michael@ghilezanlaw.com | Michael Ghilezan *(pro hac vice)*<br><br>*Attorney for Eitan Harod and Harod<br>Ventures, LLC* |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ONAXIS FRANCHISING GROUP,
LLC, as successor-in-interest to JC
FRANCHISING GROUP, LLC,

     Plaintiff,

v.

EITAN HAROD, an individual, and
HAROD VENTURES, LLC, a
California Limited Liability Company

Civil Action No. 1:23-cv-04835-MHC

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2024, I electronically filed the foregoing

Reply with the Clerk using the CM/ECF system which will automatically send e-

mail notification or other sufficient notice of such filing to the following attorneys

of record:

| Attorneys | E-mail Address |
| --- | --- |
| Anne Peirce Caiola | annie@caiolarose.com |
| Lindsay Mitchell Henner | lhenner@caiolarose.com |

12

1218 Menlo Dr. NW, Suite E
Atlanta, Georgia 30318

| Phone: | (404) 352-3990 |
| Fax: | (404) 352-3995 |
| E-mail: | kelly@wellbornlaw.com |
| | sam@wellbornlaw.com |

**WELLBORN, WALLACE &
MULLMAN, LLC**

/s/  Kelly O. Wallace
Kelly O. Wallace
Georgia Bar No. 734166
Samuel A. Mullman
Georgia Bar No. 456630

*Attorneys for Eitan Harod and Harod
Ventures, LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ONAXIS FRANCHISING GROUP, LLC, as successor-in-interest to JC FRANCHISING GROUP, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>EITAN HAROD, an individual, and HAROD VENTURES, LLC, a California Limited Liability Company | Civil Action No. 1:23-cv-04835-MHC |

## RULE 7.1 CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

This is to certify that the foregoing Reply was prepared using 14-point Times New Roman font and accordingly complies with Local Rule 5.1. This certificate is given in compliance with Local Rule 7.1(D).

This 6th day of January 2024.

14

1218 Menlo Dr. NW, Suite E
Atlanta, Georgia 30318

Phone:      (404) 352-3990
Fax:        (404) 352-3995
E-mail:     kelly@wellbornlaw.com
            sam@wellbornlaw.com

**WELLBORN, WALLACE &**
**MULLMAN, LLC**

/s/  Kelly O. Wallace
Kelly O. Wallace
Georgia Bar No. 734166
Samuel A. Mullman
Georgia Bar No. 456630

*Attorneys for Eitan Harod and Harod*
*Ventures, LLC*